UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN W. SNOW, Secretary,<br> U.S. Department of the Treasury,<br><br>  Defendant. | Civil Action No.  04-0214 (EGS) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment.[1]  Having considered the motion, plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for defendant.

I.  BACKGROUND

Plaintiff, a former employee of the United States Department of the Treasury, Internal

---

[1] Plaintiff also filed a motion for summary judgment.  After repeating the allegations previously stated in his complaint, plaintiff alleges, generally, that other IRS employees violated his rights during the course of administrative proceedings related to his discrimination claims or his termination.  Any procedural or substantive issues arising from the handling or resolution of plaintiff's discrimination claims before the Equal Employment Opportunity Commission or of his challenge to his termination before the Merit Systems Protection Board have nothing to do with the issue of this case: whether IRS maintained or disclosed records pertaining to plaintiff in violation of the Privacy Act.  The Court will deny plaintiff's motion.

Revenue Service ("IRS"), brings this action under the Privacy Act, 5 U.S.C. § 552a.[2]  Compl. at 1.  Generally, plaintiff objects to the maintenance of records pertaining to him, and their alleged disclosure without his consent.  He alleges:

> While employed and during subsequent processing of my termination for whistle-blowing activities the agency kept records of the plaintiff's expressing and exercising his rights particulary [sic] in my refusal to incriminate myself as protected by my Fifth Ammendment [sic] Right.  The documents recorded and maintained by the agency are part of the records given to various corrective agencies without my consent.  These inculed [sic] a document wherein my social security number was used in an unofficial manner and without my consent . . . so as to coerce me to incriminate myself and to discredit the processing of my complaints to the the [sic] Tax Commis[s]ioner's office, the Inspector General for Taxation, DOJ, and the appropriate Legislative Commettees [sic].  Further documentation is associated with other employees . . . wherein these people assisted and made records of the plaintiff's activities in pursuit of corrective action.

Compl. at 1-2.  He demands unspecified "corrective action," amendment of the agency's records and compensatory damages.  *Id.* at 2.

## II.  DISCUSSION

### *A.  Standard of Review*

Summary judgment is granted to the movant if it has shown, when the facts are viewed in the light most favorable to the non-movant, that there are no genuine issues of material fact in dispute and that the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*,

---

[2] Although plaintiff cites several statutory bases for this action, *see* Compl. at 2; Amd. Compl., & Attach. (EEOC Decision), the Privacy Act is the only relevant statute.  Plaintiff alleges the unlawful disclosure of information maintained in defendant's records pertaining to him, and demands relief ("accurate records" and compensatory damages) available under the Privacy Act.  *See* 5 U.S.C. § 552a(g).  The challenge to his termination, allegedly for discriminatory reasons, is the subject of a separate civil action, *Ivey v. Snow*, 04cv1377 (EGS).

477 U.S. 317 (1986); Fed. R. Civ. P. 56(c).  A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When evaluating a summary judgment motion, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).

### B.  Defendant's Motion for Summary Judgment

The Privacy Act, generally, prohibits the disclosure of information in an agency's records about an individual, unless that individual submits a written request for such disclosure or consents to such disclosure in writing.  *See* 5 U.S.C. § 552a(b).  There are several exceptions to this general rule, two of which are relevant here.  First, disclosure of a record "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties" is allowed.  5 U.S.C. § 552a(b)(1).  Second, disclosure of a record to another agency is allowed for "routine use."  5 U.S.C. § 552a(b)(3).  The term "routine use" means, "with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected."  5 U.S.C. § 552a(a)(7).

#### 1.  Agency Records Pertaining to Plaintiff

Given plaintiff's employment with and subsequent litigation against the Internal Revenue Service, it is hardly surprising that IRS maintained records pertaining to plaintiff.  An attorney

with IRS' Office of Chief Counsel investigated and described the records maintained by the agency pertaining to plaintiff at the time he filed the instant civil action.  Fisher Decl., ¶ 4.

The IRS maintains files for use in representing the agency against a complaint filed by plaintiff before the Equal Employment Opportunity Commission ("EEOC").  Fisher Decl., ¶ 7.  Of the three files retrieved from the IRS' Office of the Associate Chief Counsel (General Legal Services), two contained copies of official proceeding files prepared by the Treasury Department's Equal Opportunity Program ("EOP").  Among the documents in these files are those "gathered by the EOP, either through its own investigative efforts or obtained from the plaintiff, during the EOP's review of the plaintiff's complaint of employment discrimination."  *Id.*, ¶ 7.  The third file is a litigation correspondence file, containing copies of correspondence from plaintiff to IRS, from EOP to IRS, EEOC notices and orders, correspondence from court-appointed mediator, and IRS filings with EEOC.  *Id.*

The IRS' General Legal Services office maintains a file compiled for use in "defend[ing] the agency against a complaint filed by the plaintiff with the Merit Systems Protection Board (MSPB)."  Fisher Decl., ¶ 8.  It contains copies of MSPB opinions and orders, correspondence from plaintiff to the MSPB and to the IRS, filings by the IRS with MSPB, intra-agency e-mails and transmittal memoranda, plaintiff's performance appraisal, employee's notes, witness interview data sheets, and plaintiff's correspondence to U.S. Office of Special Counsel.  *Id.*

The IRS' Legislative Affairs Office reviews correspondence sent by the IRS to any member of Congress or legislative committee, and maintains records of its work product.  Fisher Decl., ¶ 9.  There are no files containing correspondence from the IRS to Congress regarding plaintiff.  *Id.*

The Employee Issues Branch of the Workforce Relations Office maintains a file created in response to plaintiff's November 29, 1999 complaint letter to the Commissioner of the IRS. Fisher Decl., ¶ 10(a) & Ex. G.  In the file are copies of incoming correspondence from plaintiff, responsive correspondence from the IRS, intra-agency e-mails and faxes, and employee notes. *Id.*, ¶ 10.

The Treasury Inspector General for Tax Administration ("TIGTA") received a complaint from plaintiff alleging misconduct by other IRS employees.  Fisher Decl., ¶ 11.  TIGTA records include a complaint referral memorandum, report of inquiry, investigator notes, intra-agency faxes, and plaintiff's initial complaint (plaintiff's name redacted).  *Id.*

2. <u>Disclosure of the Agency's Records Pertaining to Plaintiff
is Authorized under the Privacy Act</u>

*a. Intra-Agency Disclosure*

Defendant demonstrates that the IRS compiled and maintained records for use in defending the agency before the EEOC and the MSPB against plaintiff's employment discrimination complaints.  *See* Fisher Decl., ¶¶ 6-8, 11.  Maintenance of such files is permissible under the Privacy Act, as the files pertain to personnel-related litigation.  *See* 66 Fed. Reg. 63,863 (Dec. 10, 2001).  These records were shared among IRS employees in the course of receiving, processing, investigating, or litigating these employment claims.  Such disclosure without plaintiff's consent in these circumstances is permitted under the Privacy Act.  *See, e.g., Pippinger v. Rubin*, 129 F.3d 519, 529-31 (10th Cir. 1997) (identity of subject of investigation by supervisor who was investigating allegations of subject's misconduct to employees assisting in investigation); *Howard v. Marsh*, 785 F.2d 402, 410 (10th Cir. 1982) (disclosure of personnel

records to agency attorney and personnel specialist for purpose of preparing response to discrimination complaint).

Similarly, the IRS compiled and maintained records pertaining to complaints that plaintiff submitted to the Commissioner of the IRS and to TIGTA. *See* Fisher Decl., ¶¶ 10, 10(d), 11, and 11(d). Disclosure of such records within the IRS, in order that plaintiff's complaints could be investigated, is permitted under the Privacy Act.

### b. Inter-Agency Disclosure

Defendant also demonstrates that the only disclosures to other agencies occurred for the purpose of litigating plaintiff's claims before the EEOC and MSPB. *See* Fisher Decl., ¶¶ 7(b), 8(b). Contrary to plaintiff's allegations, there is no indication that the IRS sent documents to TIGTA, the Department of Justice, the U.S. Office of Special Counsel, to any legislative committee, or to any other agency. *Id.*, ¶¶ 7(d), 8(d), 9, 10(b),(d), 11(b). The agency's files, however, include copies of correspondence and complaints that plaintiff sent to these entities. *Id.*, ¶¶ 7(d), 8(d), 10, 11. Insofar as plaintiff alleges the unlawful disclosure of his Social Security number, the number appears in the relevant agency files (litigation correspondence file) only on a memorandum that plaintiff himself attached as an exhibit to his April 17, 2003 letter to the EEOC. Fisher Decl., ¶ 7(c) & Ex. B, C.

### III. CONCLUSION

Defendant thus demonstrates that the IRS' maintenance and disclosure of records pertaining to plaintiff are allowed under the Privacy Act. Plaintiff has no reasonable objection to the IRS's disclosure of information in the course of administrative proceedings initiated by plaintiff himself. Nor can plaintiff find fault with defendant for maintaining records consisting

of correspondence that he sent to IRS or to other federal entities. The Court identifies no violation of the Privacy Act, and, therefore, will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

Signed:         EMMET G. SULLIVAN
                United States District Judge

Date:           August 30, 2005